IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:24-cr-052 |
| v.           ) | |
| ) | The Honorable Patricia T. Giles |
| ANNA LAYHER,      ) | |
| ) | Hearing: September 5, 2024 |
| ) | |
|     *Defendant*.   ) | |

### UNITED STATES'S POSITION ON SENTENCING

The defendant, Anna Layher, sexually exploited her two young children over the course of several months to gain favor from a love interest, a man named Davy Sisk. Defendant's vile and heinous conduct represents a huge breach of trust in what should have been her most important job: being a parent. For the foregoing reasons, the United States recommends the maximum sentence allowed by law: 60 years in prison and a lifetime of supervised release.

**I.      Factual Background**

Defendant's convictions arise out of her direct conduct in producing multiple child sex abuse material videos and images of her two young children (then ages 6 and 3) in an attempt to gain favor, love and/or acceptance of a love interest, a man named Davy Sisk. Her conduct spanned over several months where images and videos of sexual abuse and exploitation would be created and sent to Sisk. The facts are set forth in the Presentence Report (PSR) as well as in the statement of facts which Defendant admitted to during her plea colloquy.

On March 7, 2024, a federal grand jury returned an indictment charging Defendant with one count of 18 U.S.C. § 1591, multiple counts of 18 U.S.C. § 2251, one count of distribution of child

1

pornography and one count of possession of child pornography in violation 18 U.S.C. §§ 2252(a)(2) and (4). On May 2, 2024, the defendant pleaded guilty to Counts 3-4 of the Indictment charging her with sexual exploitation of a child (2 counts) with the benefit of a plea agreement before this Court. The defendant has been in continuous custody since her arrest.

## II.     Statutory Minimum and Maximum Penalties

Sexual exploitation of a child carries a minimum mandatory of 15 years in custody and maximum term of imprisonment of 30 years. 18 U.S.C. § 2251. In addition, each count of conviction carries other penalties such as a maximum of $250,000 fine, a maximum $50,000 assessment under the Amy, Vicky, Andy Act, $5,100 in special assessments and a minimum term of five years of supervised release and up to life. Mandatory restitution is also required.

## III.    Guidelines Calculations

As the Court is aware, although the Guidelines are advisory, sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing a court "must first calculate the Guidelines range" applicable to the defendant. *Nelson v. United States*, 555 U.S. 350, 351 (2009); see also *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

The United States calculates the Guidelines range for this defendant as follows:

| Guideline(s) | Description | Offense Level |
|---|---|---|
| §2G2.1(a) | Base Offense Level for Sexual Exploitation of a Minor | 32 |
| §2G2.1(b)(1) | Minor under age 12 | +4 |
| §2G2.1(b)(2) | Sexual Act | +2 |

2

| | | |
|---|---|---|
| §2G2.1(b)(3) | Distribution of Images | +2 |
| §2G2.1(b)(5) | Parent or Guardian | +2 |
| §§ 3D1.2 and .4 | Grouping of Counts | +2 |
| §3E1.1(a) | Acceptance of Responsibility | -3 |
| **Total Offense Level** | | **41** |

The above differs from USPO's calculation slightly, however, the parties' calculations and USPO's calculations result in extremely high guidelines, well beyond the statutory maximum sentence.

In accordance with the defendant's plea agreement, the government supports a three-level reduction for the defendant's acceptance of responsibility under Guidelines § 3E1.1(a). The parties' final offense level is 41. Because the defendant is in Criminal History Category II, the resulting Guidelines range is 360 months to life. However, the statutory maximum is 60 years in prison.

**IV.   Section 3553(a) Factors**

> "'There can be no keener revelation of a society's soul than the way in which it treats its children.'  Given the current statistics surrounding child pornography, we are living in a country that is losing its soul.  Child pornography is a vile, heinous crime.  Mention the term to your average American and he responds with immediate disgust and a sense of unease.  However, once it enters the legal system, child pornography undergoes sterilization.  The sterilization goes far beyond properly removing emotion from sentencing decision.  Images are described in the most clinical sense.  Victims all too often remain nameless.  The only emotions on display are those of defendants, sorry that their actions were discovered by law enforcement."

*United States v. Cunningham*, 680 F.Supp.2d 844, 847 (N.D. Ohio 2010).

After calculating the applicable Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *Nelson*, 555 U.S. at 351; *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). With respect to 18 U.S.C. § 3553(a)'s enumerated factors, of particular relevance here are the "nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense" and provide "just punishment," "the history and characteristics of the defendant," the need "to promote respect for the law," and the need for the sentence "to afford adequate deterrence to criminal conduct." § 3553(a)(1), (a)(2)(A), (a)(2)(B). As explained below, based on those factors, the United States submits that a sentence of 60 years is warranted, appropriate, and reasonable in this case.

    A.    *Defendant's Conduct Warrants a Statutory Maximum Sentence.*

There is nothing mitigating about defendant's conduct. She repeatedly breached the basic trust any parent should have with their children, especially very young children, that is putting their safety and wellbeing first. Instead, she engaged in a campaign of exploitation in order to satisfy her own selfish relationship interest. The undersigned submits that the sentence requested will address this factor under section 3553(a).

    B.    *Defendant's personal history and characteristics warrant a probationary sentence.*

Defendant has minimal criminal history and was employed at the time of the offense. She has mental health issues but nothing that caused her to engage in the behavior for which she pleaded guilty. The United States submits that continued mental health treatment while in custody will serve defendant well.

      C.    *A 60-year sentence is sufficient to promote respect for the law and afford adequate deterrence.*

As discussed at length above, the United States submits that a statutory maximum sentence is sufficient given all of the facts and circumstances of this case and the Defendant's background. Thereafter, a lifetime of supervised release is recommended to ensure compliance, re-entry into society, and adequate resources to assist defendant.

**V.**    **Restitution, Special Assessment and Fines**

      A.    *Restitution*

The United States asks that the Court impose restitution to the victims in this case under 18 U.S.C. § 2259.

While restitution is mandatory in this case pursuant to section 2259, the mandatory minimum amount of $3,000 identified in ¶105 does not apply to offenses under §2251(a). §2259(b)(2)(B) provides that in "trafficking in child pornography" cases that $3000 amount is the minimum, but §2251(a) is not an offense under "trafficking in child pornography". *See* 18 U.S.C. §2259(c)(3) – it includes offenses under §2252 and §2252A as well as advertising under §2251(d) and does not include §2251(a) offenses. While it is accurate that the victims in this case have not made any restitution claims as of this writing, when and if any are provided to the Government, the request will file them and notify USPO. Given that defendant is facing charges in Virginia this Fall, the United States requests that the restitution hearing be set within 60 days after this hearing date pursuant to 18 U.S.C. §3664(d)(1).

      B.    *Special Assessments and Fines*

If the Court imposes the requested sentence of 60 years, the United States submits that defendant should not be required to pay the $5000 special assessment per count or the $50,000

assessment but should be ordered to pay the $200 special assessment as she can work that amount off while in prison.

While USPO looked at the defendant's current ability to pay, no analysis was done as to her future ability to pay. The law requires that a Court look at future earnings and her potential to pay in the future. The text of Section 3014 requires assessments to be collected in the same manner as criminal fines, 18 U.S.C. § 3014(f), and the obligation to pay such fines generally extends 20 years from a defendant's release from prison, see §§ 3014(g), 3613(b). Moreover, the Sentencing Guidelines plainly treat a defendant's future ability to pay as relevant to the imposition of fines. USSG § 5E1.2(a) (directing fines to be imposed unless "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine" (emphasis added)). *See also United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020); *United States v. Shepherd*, 922 F.3d 753, 758-59 (6th Cir. 2019); *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018); *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017).

Likewise, under §2259A(a)(3), the court shall order up to $50,000 in assessments and the same analysis as to ability to pay applies as described above.

Given that she will likely have to pay restitution, the United States does not recommend a fine.

## VI.     Conditions of Release

In addition to the recommended conditions of release identified in the PSR, the United States also requests that the defendant be ordered to have no contact with Davy Sisk.

## VII. Conclusion

For the reasons stated, the United States requests that this Court impose a sentence of 60 years prison (30 years per count), followed by a lifetime of supervised release.

                                        Respectfully submitted,

                                        Jessica D. Aber
                                        United States Attorney

By:          /s/

                                        Alessandra P. Serano
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, VA 22314
                                        Telephone: (703) 299-3700
                                        Facsimile: (703) 299-3980
                                        Alessandra.serano@usdoj.gov

Date: August 22, 2024

**CERTIFICATE OF SERVICE**

I certify that on August 22, 2024, I electronically filed the foregoing document with the Clerk of Court, which will serve all counsel of record.

/s/
Alessandra P. Serano
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-3980
Email: Alessandra.serano@usdoj.gov