**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 24-CR-52 |
| ANNA LAYHER, | Hon. Patricia T. Giles |
| Defendant. | |

**DEFENDANT'S MOTION TO SEAL, NOTICE OF FILING OF MOTION TO
SEAL AND MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Criminal Rule 49(E), the defendant, Anna Layher, through counsel, hereby moves this Court for leave to file under seal Defendant's Memorandum in Aid of Sentencing, and Exhibits A and B, and moves for an Order granting permission to do so.[1]

I.      Item to be Sealed and Necessity for Sealing

A.      The defendant asks the Court to seal Defendant's Memorandum in Aid of Sentencing and the exhibits thereto, filed provisionally under seal on August 29, 2024.

B.      Defendant intends to electronically file on the public docket a copy of Defendant's Memorandum in Aid of Sentencing and Exhibit B, redacted of the

---

[1] The document to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 16).  Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

information that defendant is seeking to have sealed.  Exhibit A, an expert report, will only be filed under seal.

C.    Sealing is necessary in order to safeguard the defendant's privacy. Defendant's Memorandum in Aid of Sentencing and the accompanying exhibits contain extensive discussion of Ms. Layher's psychological history and conditions, and minor names.  Counsel for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

II.    Previous Court Decisions Which Concern Sealing Documents

A.    The Court has the inherent power to seal materials submitted to it.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

B.    This Court previously has sealed documents in other cases dealing with the same or similar subject matters as the material sought to be sealed in this matter.

III.    Period of Time to Have the Document Under Seal

A.    The material to be filed under seal would need to remain sealed permanently or until unsealed by the Court.

*    *    *

Accordingly, the defendant respectfully requests that an Order be entered allowing the aforementioned Defendant's Memorandum in Aid of Sentencing and accompanying exhibits to be placed under seal. An appropriate Order is submitted with this Motion.

Respectfully submitted,

ANNA GRACE LAYHER

By Counsel,

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Brooke S. Rupert, 79729
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
brooke_rupert@fd.org